UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASON BRUCE** | ) |
| *Plaintiff*, | ) Case No. 2:17-cv-06075-KDE-JCW |
| *v.* | ) Chief Judge Kurt D. Engelhardt |
| **C.R. BARD et al.,** | ) Magistrate Judge Joseph C. Wilkinson, Jr. |
| *Defendants*. | ) |

### REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Plaintiff Jason Bruce's Opposition confirms that his allegations are legally deficient. In it, he fails to address dispositive arguments in Defendants' Motion to Dismiss and supplies no support for his attempt to circumvent well-established pleading requirements and precedent. Rather than meaningfully respond to Defendants' Motion to Dismiss, Plaintiff simply recites the elements of each of his claims and asserts that those requirements are satisfied by the Complaint's wholly conclusory and boilerplate allegations. This is plainly not sufficient under *Twombly* and *Iqbal* and their progeny.[1]

### I.  Plaintiff Has Not Adequately Pleaded Claims for Relief.

Before defending each individual claim, Plaintiff suggests that Defendants are advocating for an "impossible" standard of pleading specific facts prior to discovery which would, according to Plaintiff, be solely in the possession of the manufacturer-defendants. Opp'n at 4. Not so. Instead, Defendants have simply briefed the applicable *Twombly/Iqbal* standard that applies equally to product liability cases against medical device companies. And far from being an "impossible" standard, well-pled product liability complaints routinely survive motions to

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

dismiss based on *Twombly/Iqbal*.  That is so because, if the plaintiff has a factual basis to state a claim, the information necessary to plead the case is *not* solely in the possession of the manufacturer, but is readily available from public sources such as the FDA and academic articles.  The issue here is that Plaintiff's Complaint is not well-pled.  Instead, it contains nothing more than insufficient, conclusory allegations.

The product liability cases cited in Plaintiff's Opposition are not to the contrary, they simply apply *Twombly/Iqbal* to complaints with more well-pleaded allegations.  For example, in *Lahaye v. AstraZeneca Pharm. LP*, Civil Action No. 14-111, 2015 WL 1935947 (M.D. La. Apr. 28, 2015), the plaintiff cited and discussed a *specific* risk, which had been noted publicly by the FDA, of a relationship between the drug at issue and a bacterium that infected plaintiff.  *Id.* at *3–4.  Similarly, in *Boutte v. Stryker Biotech, LLC*, 67 F. Supp. 3d 732 (M.D. La. 2014), the plaintiff's complaint contained several paragraphs regarding the defendant-manufacturer's internal review of the device at issue, its specific design features and the specific uses that had received FDA approval.  *Id.* at 737.[2]

---

[2]   *Bertrand v. Eli Lilly & Co.*, Civil Action No. 12-0853, 2013 WL 4093556 (W.D. La. Aug. 13, 2013), also cited in the Opposition, misapplies *Twombly/Iqbal*.  There, the court approved a magistrate's conclusion that, because "non-failure to warn claims are highly technical," "the standard set forth in *Twombly* 'simply calls for enough facts to raise a reasonable expectation *that discovery will reveal evidence* of the necessary claims or elements.'"  *Id.* at *5 (emphasis in original).  That is not all that *Twombly* requires.  Under *Twombly*, a plaintiff must plead sufficient facts "to raise a right to relief above the speculative level"; "labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do."  *Twombly*, 550 U.S. at 555.  In any event, here Plaintiff has not even alleged facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims.  Not even *Bertrand*—or *Winslow v. W.L. Gore Assocs., Inc.*, Civil Action No. 10-116, 2011 WL 873562 (W.D. La. Mar. 11, 2011), upon which *Bertrand* relies—held that conclusory allegations are sufficient to proceed.  In fact, numerous cases have held that LPLA product liability cases require more than conclusory allegations.  *See, e.g.*, *Kennedy v. Pfizer, Inc.*, Civil Action No. 13-3132, 2014 WL 4093065 (W.D. La. Aug. 15, 2014); *Watson v. Bayer Healthcare Pharm., Inc.*, Civil Action No. 13-212, 2013 WL 1558328 (E.D. La. Apr. 11, 2013).

Moreover, despite Plaintiff's suggestion to the contrary, Opp'n at 3, courts in this District, following *Twombly* and *Iqbal*, regularly dismiss LPLA claims under Federal Rule of Civil Procedure 12(b)(6) when they are not properly pleaded. *See, e.g.*, *Lussan v. Merck Sharp & Dohme Corp.*, Civil Action No. 17-3086, 2017 WL 2377504, at *4 (E.D. La. June 1, 2017); *Robertson v. AstraZeneca Pharms., LP*, Civil Action No. 15-438, 2015 WL 5823326, at *5 (E.D. La. Oct. 6, 2015). When held to the same standard, the deficiencies of Plaintiff's Complaint are readily apparent and warrant dismissal.

### A. Plaintiff Concedes the Insufficiency of His Construction or Composition Defect Claim.

Plaintiff's Opposition effectively concedes that Count I of his Complaint fails to state a plausible construction or composition defect claim, the "most difficult" LPLA cause of action. Opp'n at 5. Aside from repeating the claim's elements, Plaintiff's Opposition does not, and cannot, cite any allegations in the Complaint that the specific mesh at issue in this case suffered a unique defect during the manufacturing process that caused it to depart from Defendants' FDA-cleared design and performance standards.

Instead of alleging facts related to a construction or composition defect claim, Plaintiff's Opposition supports Count I by citing Defendants' alleged failure to warn ("were not warned of by Defendants . . . physicians were not warned about these serious complications"); and defective design ("Parietex ProGrip causes very serious injuries . . . Defendants' performance standards would not have or should not have included the aforementioned complications"). Opp'n at 5. These allegations are more properly directed at Counts II and III of his Complaint (which themselves are insufficiently pleaded), and do not state a construction or composition defect claim.

Because it lacks allegations regarding how the mesh implanted in Plaintiff "deviated in a material way from" Defendants' specifications, Count I of Plaintiff's Complaint should be dismissed. *See Lussan*, 2017 WL 2377504, at *2 (dismissing construction or composition defect claim for lacking "allegations regarding any possible deviations from [the manufacturer's] specifications or performance standards" or alleging "specifically how the unidentified defect caused plaintiff's injuries").

### B. Plaintiff Fails to State a Claim for Design Defect.[3]

Plaintiff's Opposition fails to address the core deficiency of Count III for design defect—the omission of well-pleaded facts alleging a particular defect in Defendants' mesh that caused Plaintiff's injuries. Instead, Plaintiff's Opposition skips ahead to defend his pleading of an alternative design, which is also deficiently pleaded.[4]

First, Plaintiff's Opposition does not cite any allegations in the Complaint that pertain to how the mesh's design was defective or how it caused Plaintiff's injuries—a necessary element of the claim. *See, e.g.*, *Watson v. Bayer Healthcare Pharm., Inc.*, Civil Action No. 13-212, 2013 WL 1558328, at *5 (E.D. La. Apr. 11, 2013) ("The plaintiff has failed to allege how [the product's] design is defective, what aspect of [its] design caused her injuries, or how the defective design relates to her specific injuries."). As noted in Defendants' Motion to Dismiss, Plaintiff alleges only that the mesh "abrades tissues adversely affecting patient health." Compl. ¶ 76. This conclusory and generalized assertion, however, is insufficient, as Plaintiff's Complaint fails to explain how the design of Defendants' mesh "abrades tissue," or how that purported

---

[3] Although Plaintiff's Claim for a Design Defect is Count III of the Complaint, his Opposition addresses it second and Defendants will match that format in this Reply.

[4] In addition to alleging a defect that made the product "unreasonably dangerous," Plaintiff must allege that: "there existed an alternative design for the product that was capable of preventing the claimant's damage"; and "the gravity of that damage [suffered by the claimant] outweighed the burden on the manufacturer" of adopting the alternative design. La. Rev. Stat. Ann. § 9:2800.56.

defect caused Plaintiff's injuries. Plaintiff's failure to address the omission of this necessary element warrants dismissal of Count III.

As for the claim's second element, Plaintiff argues that he "must simply" allege that an alternative design existed that lacked the defect and would not have caused his injuries. Opp'n at 6. Again, his attempt to lower the pleading standard is belied by substantial case law. *See, e.g.*, *Robertson*, 2015 WL 5823326, at *4 ("A conclusory allegation that an alternate design exists will not suffice . . . ."); *Flournoy v. Johnson & Johnson*, Civil Action No. 15-5000, 2016 WL 6474142, at *3 (E.D. La. Nov. 2, 2016) ("Plaintiffs only summarily conclude that there existed an alternate design . . . It is thus insufficient as only a formulaic recitation of the elements of the cause of action.") (internal quotation marks omitted).

The only case cited in Plaintiff's Opposition does not support his argument. *See Jenkins v. Bristol-Meyers Squibb*, Civil Action No. 14-2499, 2015 WL 5012130 (E.D. La. Aug. 21, 2015). Although the court raised concerns about imposing a "near-impossible" pleading standard, it applied *Twombly/Iqbal* and dismissed plaintiff's design defect claim for failing entirely to allege that an alternative design existed. *Id.* at *4. The court did not adjudicate the facial sufficiency of a bald allegation like the one alleged by Plaintiff here.

Because Plaintiff does not allege how the mesh's design was purportedly defective or what alternative design existed that could have been used instead, Count III of his Complaint should be dismissed.

C.     **Plaintiff Fails to State a Claim for Inadequate Warning.**

Plaintiff's Opposition also fails to identify well-pleaded facts pertaining to all three elements of Count II, his failure to warn claim.[5] As a threshold matter, Plaintiff's Complaint

---

[5] Plaintiff must allege that: (1) "the product possessed a characteristic that may cause damage"; (2) "the manufacturer failed to use reasonable care to provide an adequate warning

omits sufficient allegations pertaining to the first element of the claim, that "the product possessed a characteristic that may cause damage." La Rev. Stat. Ann. § 9:2800.57. Nor does the Complaint plead causation.

Plaintiff's Complaint does not allege adequately that Defendants' purported failure to warn actually caused his injuries. The bald and conclusory assertion that had the unspecified warnings been provided, Plaintiff's "implanting physician would not have implanted" Defendants' mesh, is insufficient. Opp'n at 8. As noted in the Motion to Dismiss, similar "merely conclusory" allegations are routinely dismissed by courts as insufficient under *Twombly/Iqbal*. *See, e.g.*, *Watson*, 2013 WL 1558328, at *5. *Jenkins*, again cited by Plaintiff, is readily distinguishable. Although the plaintiff in that case filed a shorter complaint, it contained more well-pleaded facts pertaining to the alleged failure to warn than Plaintiff's here. Specifically, the *Jenkins* plaintiff alleged that the defendant-manufacturer "failed to properly warn of the dangers of developing Tardive Dyskinesia and further failed to outline the appropriate procedures and period testing, including administering AIMS [] test, which would alert healthcare providers." *Jenkins*, 2015 WL 5012130, at *5. The court held that this level of detail was sufficient to state a plausible claim that the treating physician would not have prescribed the product had he been aware of the link with Tardive Dyskinesia. *Id.*

In contrast, Plaintiff's Complaint only alleges the lack of warnings regarding the mesh's "propensity to cause permanent and/or severe injuries" and "numerous defects" including material that "abrades tissues"—a vague and insufficient allegation. Compl. ¶¶ 58, 66. *See Lussan*, 2017 WL 2377504, at *3 (dismissing failure to warn claim for plaintiff's failure to cite "specific risks that were not disclosed to her doctor" or how "a specific failure to warn caused

---

of such characteristic"; and (3) the alleged failure to warn caused the injury. La. Rev. Stat. Ann. § 9:2800.57.

her injuries"). These vague allegations fail adequately to establish that Plaintiff's physician would have altered her treatment decision had she been aware that the mesh "abrades tissues." For these reasons, Count II of Plaintiff's Complaint should be dismissed.

### D. Plaintiff Fails to State a Claim for Breach of Express Warranty.

Plaintiff's Opposition tries to rehabilitate his claim for breach of express warranty by citing distinguishable case law that purportedly stands for the proposition that a plaintiff need only "generally allege that a false warranty existed." Opp'n at 8. In fact, as set forth in Defendants' Motion to Dismiss, courts applying *Twombly/Iqbal* to express warranty claims under the LPLA require more than what is presented in Plaintiff's Complaint to withstand a Rule 12(b)(6) motion.

To survive a motion to dismiss, courts in this District routinely require plaintiffs to do more than simply provide "general" allegations that an express warranty existed. *See Lussan*, 2017 WL 2377504, at *3 ("While plaintiff is not required to identify the exact language used in the warranty, she must specify the warranty in question and explain why the warranty was untrue."); *Donald v. AstraZeneca Pharm., LP*, No. CV 16-17753, 2017 WL 1079186, at *4 (E.D. La. Mar. 22, 2017) ("The plaintiff must allege the content of the warranty and explain how the warranty was not true."); *Robertson*, 2015 WL 5823326, at *5 ("While Plaintiff is not required to quote the specific language of the warranties, she must make more than a general reference to them."). That is because the purpose of a complaint is to give defendants sufficient notice of the putative bases of a plaintiff's claim.

Plaintiff's selective citations to several district court cases that arguably applied a lower standard are not persuasive. Opp'n at 9 n.24. To begin with, to the extent they do apply a lower standard, those cases are at odds with Supreme Court precedent expressed in *Twombly/Iqbal* and its progeny, including in this District.

Further, those cases are distinguishable.  For example, Plaintiff argues that *Harris v. Merck & Co.* held that a plaintiff need only plead "general alleg[ations]" regarding an express warranty.  Opp'n at 9 n.24.  The actual allegations contained in that complaint, however, were much more detailed than those here.  The *Harris* plaintiff at least included some detailed allegations regarding the defendant-manufacturer's "false representations of [the product's] superiority and efficacy" and their "significant market share . . . [and] a very aggressive marketing policy."  Civil Action No. 12-1446, 2012 WL 5384720, at *5 (W.D. La. Nov. 1, 2012).  Even with that, the court noted that those allegations are "not a superlative fulfillment of the standard" and "leave[] much to be desired in terms of clarity."  *Id.*  Plaintiff here does not even meet this low standard, alleging only that Defendants warranted the mesh as "safe and fit for its intended purposes . . . and did not produce dangerous side effects which it actually does produce."  Compl. ¶ 84.[6]

Plaintiff's conclusory allegations are virtually identical to those in *Lussan*, *Donald*, and *Robertson* and warrant the same result:  dismissal of Count IV of the Complaint.

### E. Plaintiff Fails to State a Claim for Redhibition.

Plaintiff's Opposition also fails to provide any support for his redhibition claim.  As a threshold matter, for the reasons noted above and in Defendants' Motion to Dismiss, Plaintiff's Complaint does not adequately allege that Defendants' mesh was defective, a necessary prerequisite to recover under redhibition.

---

[6] Plaintiff's Opposition also cites *Ivory v. Pfizer Inc.*, Civil Action No. 09-0072, 2009 WL 3230611 (W.D. La. Sept. 30, 2009) and *McLaughlin v. GlaxoSmithKline, LLC*, Civil Action No. 12-2946, 2014 WL 669349 (W.D. La. Jan. 6, 2014), which are distinguishable and not persuasive.  Both cases are from the U.S. District Court for the Western District of Louisiana, involved allegations regarding the same pharmaceutical drug (Paxil) and contained more well-pleaded facts pertaining to the defendant-manufacturers' warranties than those here.

Plaintiff's Complaint also fails to allege economic loss. Other than repeating the allegation "that Plaintiff would not have purchased [the mesh] had he known of the defect," Opp'n at 10, the Complaint lacks well-pleaded facts affirmatively stating that Plaintiff did purchase the mesh. It is uncommon for a patient to purchase a medical device used by his treating physician in the hospital, and the Complaint does not allege that costs were passed on to Plaintiff. *See Lofton v. Pfizer, Inc.*, Civil Action No. 08-1224, 2009 WL 1390829, at *3 n.10 (W.D. La. May 14, 2009) ("The court questions whether [plaintiff] is authorized to bring a redhibition claim against the manufacturer if she did not purchase the drug.").

By not pleading a specific defect that rendered the mesh "useless" or alleging personal economic loss, Count V of Plaintiff's Complaint should be dismissed.

## II.     Plaintiff's Request to Amend His Complaint Would be Futile.

In the alternative, Plaintiff's Opposition requests leave to file an amended complaint to "supplement" the Complaint at issue. Opp'n at 1, 11. The Court should deny that request because "amendment would be futile." *Johnson v. Teva Pharm. USA, Inc.*, 758 F.3d 605, 610 (5th Cir. 2014).

The only two allegations identified by Plaintiff that would be added to an amended complaint do not cure the facial inadequacy of his five asserted claims against Defendants. Plaintiff seeks to include the specific model number of the mesh that was implanted in him as well as his post-filing revision surgery on August 17, 2017. Opp'n at 2, 11. Neither fact, however, helps move the Complaint across "the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Defendants' Motion to Dismiss is not based on a denial that Defendants manufacture Parietex products, nor is it based on an allegation that Plaintiff's Complaint is untimely.

As noted above, Plaintiff has effectively conceded that his Complaint fails to state a claim for construction/composition defect by relying on the distinct and independent failure to warn and design defect claims.  No amendment can cure this deficient claim.  *See, e.g.*, *Davis v. Teva Pharm. USA, Inc.*, Civil Action No. 13-6365, 2014 WL 4450423, at *4 (E.D. La. Sept. 10, 2014) (denying leave to amend manufacturing claim because "Plaintiff states that it seems unlikely that her damage was caused by a manufacturing mistake").

As for the remaining four claims, Plaintiff's Opposition does not put forth any additional allegations or well-pleaded facts that would bolster their legal sufficiency.  Because supplementing the complaint would not cure the deficiencies identified by Defendants, granting Plaintiff leave to amend would be futile.  Accordingly, the Court should deny Plaintiff's request.

## **CONCLUSION**

For the reasons stated above, Defendants respectfully request that the Court grant their Motion to Dismiss and dismiss Plaintiff's Complaint in its entirety, with prejudice.

Respectfully submitted,

   /s/ Nicole M. Boyer
**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER, WEINSTOCK & BOGART**
KELLY C. BOGART (#22985)
NICOLE M. BOYER (#29775)
3838 N. Causeway Blvd., Suite 2900
Metairie, Louisiana 70002
kbogart@duplass.com
nboyer@duplass.com
Telephone: (504) 832-3700
Facsimile: (504) 837-3119

AND

**WILLIAMS & CONNOLLY LLP**

Joseph G. Petrosinelli (admitted *pro hac vice*)
Ana C. Reyes (admitted *pro hac vice*)
725 12th Street, NW
Washington, D.C. 20005
Tel. (202) 434-5000
Fax (202) 434-5029
jpetrosinelli@wc.com
areyes@wc.com

*Counsel for Defendants
Medtronic, Inc. and Covidien, L.P.*

Dated:  December 20, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2017, a copy of the foregoing **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** was filed electronically via ECF.

Parties may access this filing through the court's CM/ECF System.

   /s/ Nicole M. Boyer
Nicole M. Boyer (#29775)